**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 26-cv-2172** |
| **VERSUS** | **SECTION I(2)** |
| **HESS CORPORATION** | **JUDGE AFRICK** |
| | **MAGISTRATE JUDGE CURRAULT** |

# STIPULATION OF SETTLEMENT AND JUDGMENT

## TABLE OF CONTENTS


I. BACKGROUND ....................................................................................................1

II. JURISDICTION AND AVENUE. ....................................................................4

III. APPLICABILITY. ...........................................................................................5

IV. CIVIL PENALTY ............................................................................................5

V. STIPULATED PENALTY. ...............................................................................6

VI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS. ..........................7

VII. SIGNATORIES/SERVICE...............................................................................9

VIII. INTEGRATION ............................................................................................10

IX. COSTS ...........................................................................................................10

X. RETENTION OF JURISDICTION ..................................................................10

## I. BACKGROUND

A. WHEREAS, Plaintiff, the United States of America, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint against Defendant Hess Corporation ("Hess" or "Defendant") in this matter concurrently with the filing of this Stipulation of Settlement and Judgment ("Stipulation of Settlement");

B. WHEREAS, the Complaint alleges that Hess violated Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a), and the terms of the general National Pollutant Discharge Elimination System ("NPDES") permit GMG290000 issued under Section 402(a) of the CWA, 33 U.S.C. § 1342(a), applicable to Hess's offshore oil and gas production facilities in portions of the Outer Continental Shelf of the Gulf of America ("GOA") (the "Hess Facilities").[1] The Complaint alleges that Hess violated the CWA and the general NPDES permit by, among other things, discharging pollutants into the GOA in violation of effluent limitations prescribed by the applicable NPDES permit and by discharging produced water from flowback operations downstream of sampling points in violation of the permit's representative sampling requirements;

C. WHEREAS, the Complaint alleges that the United States is entitled to civil penalties for each day Defendant violated the CWA or a condition or limitation of the NPDES Permit;

[1] For purposes of the Complaint and Stipulation of Settlement, Hess Facilities comprise the following oil and gas production platforms, subsea wells, and contracted mobile offshore drilling units: Baldpate (GB260); Gulfstar (MC724); Stampede (GC468); Well A/TB001 (MC725); Well B/TB002 (MC725); Well C/TB006 (MC726); Well No. 3/Esox (MC726); Conger No. 10 (GB215); Well I002/Black Rhino (GC468) (contracted MODU); Knotty Head No. 1 (GC512); Well SA003 (GC512); Well I003 (GC512); Well SA002 (GC512); Well I004/Black Lion (GC512) (contracted MODU); Well SA001 (GC512); Well SB003 (GC512).

D. WHEREAS, Defendant does not admit any liability to the United States with respect to, or arising out of, the allegations in the Complaint;

E. WHEREAS, on July 18, 2025, Chevron Corporation ("Chevron") completed its acquisition of Hess;

F. WHEREAS, following Chevron's acquisition of Hess, Hess became a wholly owned subsidiary of Chevron;

G. WHEREAS, Defendant represents that, as a Chevron subsidiary, it is adopting and implementing the Chevron Operational Excellence Management System ("OEMS").[2] Hess represents that the OEMS is designed to systematically manage operational risks and support compliance with regulatory requirements for protection of the environment, workplace health and safety, and process safety;

H. WHEREAS, Defendant represents that, under the OEMS, the controls for regulatory compliance include maintaining a dedicated NPDES Manual for the GOA, which specifies requirements and provides related guidance regarding compliance with relevant NPDES permits, including GMG290000, which is the NPDES general permit applicable to the Hess facilities in Western GOA. Defendant further represents that the NPDES Manual is accessible to all Hess personnel, onshore and offshore, in the GOA, including those supporting the Hess Facilities;

I. WHEREAS, Defendant represents that regulatory compliance controls implemented under OEMS require annual training on applicable NPDES requirements for all GOA personnel at the Hess Facilities with duties relevant to NPDES compliance, including

---

[2] An overview of OEMS is available online at https://www.chevron.com/-/media/shared-media/documents/OEMS_Overview.pdf. Additional information on the program is available at: https://www.chevron.com/who-we-are/culture/operational-excellence/oems.

trainings related to NPDES requirements for oil and gas production, drilling and completion, decommissioning, and onshore compliance ("NPDES Training Program");

J. WHEREAS, Defendant represents that following acquisition of Hess by Chevron, environmental regulatory personnel conducted a review of NPDES compliance at the Hess Facilities, including areas for potential improvement and alignment with OEMS regulatory management controls covering NPDES compliance, and confirmed that the Hess Facilities' NPDES sample points for produced water are now located downstream of identified tie-in points for flowback operations;

K. WHEREAS, Defendant represents that on October 1, 2025, the Hess Facilities began integration into OEMS, including the transition of oversight of NPDES compliance to a dedicated environmental team, whose responsibilities concerning ongoing NPDES compliance are noted below;

L. WHEREAS, Defendant represents that as of January 1, 2026, a dedicated team of environmental regulatory personnel now oversee regulatory compliance, including NPDES compliance in the GOA for the Hess Facilities in accordance with OEMS. This oversight includes routine sampling, monitoring, and reporting pursuant to the applicable NPDES permit, as well as management of NPDES noncompliance, including corrective actions and required reporting. Hess personnel with job duties relevant to NPDES compliance at the Hess Facilities have completed the NPDES Training Program;

M. WHEREAS, Defendant represents that the Hess Facilities are subject to in-person assessments by its environmental regulatory personnel, which began in the first quarter of 2026, to evaluate current NPDES compliance, including implementation of the NPDES Manual for GOA, and to identify and promptly address any areas for improvement, as needed;

N. WHEREAS, Defendant represents that the Hess Facilities are now subject to the regular OEMS audit cycle, and these facilities will continue to be assessed for compliance with OEMS' regulatory management controls, including NPDES requirements, on a routine and ongoing basis;

O. WHEREAS, Defendant certifies that, as of the date of filing of this Stipulation of Settlement, based on its knowledge and belief, after reasonable inquiry, the Hess Facilities are in compliance with the NPDES effluent limitations, monitoring, and reporting requirements that the Complaint alleges Defendant violated. Defendant further represents that Defendant has adopted and, as the Hess Facilities continue to integrate OEMS expectations into their operations, will continue to implement policies, procedures, training, and compliance-management measures designed to support and maintain ongoing compliance with the applicable NPDES permit, including proper identification, correction, and reporting of future noncompliance through the NPDES Discharge Monitoring Reporting process;

P. WHEREAS, the United States and Hess (the "Parties") recognize, and the Court by entering this Stipulation of Settlement finds, that this Stipulation of Settlement has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Stipulation of Settlement is fair, reasonable, and in the public interest;

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Paragraphs 1-3, or any determination of liability, and with the consent of the Parties to this Stipulation of Settlement, it is hereby ORDERED, ADJUDGED, and DECREED:

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and over the Parties. Venue is proper in this District pursuant to 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391 and 1395, because it is the judicial district where Defendant resides and where a substantial part of the events or omissions giving rise to the claim occurred.

2. For the purposes of this Stipulation of Settlement, or any action to enforce it, the Defendant consents to the Court's jurisdiction and consents to venue in this judicial district.

3. For purposes of this Stipulation of Settlement, Defendant agrees that the Complaint states a claim upon which relief may be granted pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), for violations of Section 301 of the CWA, 33 U.S.C. § 1311.

## III. APPLICABILITY

4. The obligations of this Stipulation of Settlement apply to and are binding upon the Defendant and any successors, assigns, or other entities or persons otherwise bound by law, and shall not be altered by any change in Defendant's ownership or corporate status.

## IV. CIVIL PENALTY

5. Within fourteen calendar days of entry by the Court of this Stipulation of Settlement, the Defendant shall pay to the United States the sum of $2,100,000.00 as a civil penalty, together with interest accruing from the date on which the Stipulation of Settlement is filed with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of entry.

6. Defendant shall pay the civil penalty due under Paragraph 5, together with interest, to the United States by FedWire Electronic Funds Transfer ("EFT") to the U.S.

Department of Justice account, in accordance with instructions to be provided to Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Louisiana ("FLU") following entry by the Court of this Stipulation of Settlement. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Defendant shall use to identify all payments required to be made in accordance with this Stipulation of Settlement. The FLU will provide the payment instructions to:

Anne Carpenter, Hogan Lovells Cadwalader via email at anne.carpenter@hlc.com on behalf of Defendant.

7. At the time of payment, Defendant shall send notice that payment has been made:

a. to EPA via email at cinwd_acctsreceivable@epa.gov and Lad.Uma@epa.gov and via regular mail to:

EPA Cincinnati Finance Office
26 W. Martin Luther King Drive
Cincinnati, Ohio 45268; and

b. to the United States via email at EESCDCopy.ENRD@usdoj.gov and via regular mail to:

EES Case Management Unit
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

Such notice shall state that the payment is for the civil penalty owed pursuant to the Stipulation of Settlement and Judgment in *United States v. Hess Corporation* and shall reference the civil action number, CDCS Number and DOJ case number 90-5-1-1-12725.

8. Neither Defendant nor any other person shall deduct any civil or stipulated penalties paid under this Stipulation of Settlement in calculating federal, state or local taxes.

## V. STIPULATED PENALTIES

9. If Defendant does not fully comply with the obligations set forth in Paragraphs 5-6 above, Defendant shall pay a stipulated penalty to the United States in in the amount of $35,000 per day for each day that the obligations under such Paragraphs are unfulfilled. Stipulated penalties shall be paid in the same manner as provided for in Paragraph 7 above. Further, interest shall accrue on the unpaid balance of stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties. In addition, if payment in accordance with Paragraphs 5 and 6 is not made when due, then, in addition to reserving the remedies provided herein, the United States reserves the right to move this Court to vacate this Stipulation of Settlement and reinstate this action.

10. Defendant shall pay any stipulated penalty within 30 Days of receiving the United States' written demand. The United States, in its sole and unreviewable discretion, may reduce or waive stipulated penalties otherwise payable to the United States under this Stipulation of Settlement.

## VI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

11. Entry of this Stipulation of Settlement and payment by the Defendant of the civil penalty and interest required under Paragraph 5 in accordance with Paragraph 6, and any stipulated penalties and interest required by Paragraph 9, respectively, resolves the civil claims

of the United States for the violations alleged in the Complaint filed in this action through the date of filing of this Stipulation of Settlement.

12. This Stipulation of Settlement is not intended to, nor shall it be construed to, operate in any way to resolve any civil claims other than those expressly alleged in the Complaint or any criminal liability of the Defendant.

13. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation of Settlement. This Stipulation of Settlement shall not be construed to prevent or limit the United States' rights to obtain penalties or injunctive relief under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, or any other law, regulation, or permit, except as expressly specified in Paragraph 12.

14. This Stipulation of Settlement is not a permit, or a modification of any permit, under any federal, State, or local law or regulation. Nothing in this Stipulation of Settlement shall be construed to release the Defendant or its agents, successors, or assigns from their respective obligations to comply with any applicable federal, state, or local law, regulation, or permit. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Defendant's compliance with this Stipulation of Settlement shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Stipulation of Settlement warrant or aver in any manner that Defendant's compliance with any aspect of this Stipulation of Settlement will result in compliance with the CWA or with any other provisions of federal, state, or local laws, regulations, or permits.

15. This Stipulation of Settlement does not limit or affect the rights of Defendant or of the United States against any third parties to this Stipulation of Settlement, nor does it limit the rights of third parties to this Stipulation of Settlement against Defendant except as otherwise provided by law. This Stipulation of Settlement shall not be construed to create rights in, or grant any cause of action to, any third party to this Stipulation of Settlement.

16. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties or other appropriate relief relating to Defendant's CWA compliance, including with respect to applicable NPDES permits, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 12.

17. This Stipulation of Settlement constitutes a final judgment under Federal Rules of Civil Procedure 58, and it shall constitute an enforceable judgment for purposes of post-judgment collection of any unpaid civil or stipulated penalties and interest referred to in Paragraphs 5-10 above, in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3008, and any other applicable statutory authority without further order of this Court. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil or stipulated penalties. In the event all or any portion of the penalties referred to in Paragraphs 5 and 9 above, are not paid in accordance with the provisions of this Stipulation of Settlement, Defendant shall

be liable for any costs and expenses, including attorney's fees, incurred by the United States in collecting any amounts due under this Stipulation of Settlement.

## VII. SIGNATORIES/SERVICE

18. The undersigned representatives of the Defendant, the United States, and the EPA each certifies that they are fully authorized to enter into the terms and conditions of this Stipulation of Settlement and to execute and legally bind the entity they represent to this document.

19. Defendant consents to the entry of this Stipulation of Settlement without further notice.

20. With regard to matters relating to this Stipulation of Settlement and its enforcement and the filing of the Complaint, Defendant shall identify on the attached signature pages the name(s), email and mailing address(es), and telephone number(s) of agent(s) who is or are authorized to accept service of process by mail on behalf of Defendant with respect to all matters arising under or relating to this Stipulation of Settlement and the filing of the Complaint. Defendant hereby agrees to accept service of process by electronic or first-class mail and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and in any applicable local rules of this Court, including, but not limited to, service of a summons. This Stipulation of Settlement may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

## VIII. INTEGRATION

21. This Stipulation of Settlement constitutes the entire agreement among the Parties regarding the subject matter of this Stipulated Settlement and supersedes all prior

representations, agreements and understandings, whether oral or written concerning this Stipulated Settlement.

## IX. COSTS

22. The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## X. RETENTION OF JURISDICTION

23. This Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation of Settlement.

**AS STIPULATED AND AGREED TO BY THE PARTIES, IT IS SO ORDERED AND ADJUDGED.**

Dated and entered in New Orleans, Louisiana, this 13th day of October, 2026.

**UNITED STATES DISTRICT JUDGE**

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of U*nited States v. Hess Corporation* (E.D. La.):

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
U.S. Department of Justice
Washington, D.C.

Date: 09/25/2026

/s/ Jonah Seligman
Jonah Seligman (La. Bar #38890)
Trial Attorney
U.S. Department of Justice
Energy and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611 Telephone:
(202) 353-5505
Jonah.Seligman@usdoj.gov

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

/s/ JEFFREY HALL Digitally signed by JEFFREY HALL Date: 2026.08.14 00:06:08 -04'00'

Jeffrey Hall
Assistant Administrator
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
1200 Pennsylvania Avenue
Washington, D.C. 20460

/s/ JAMES MURDOCK Digitally signed by JAMES MURDOCK Date: 2026.07.24 12:41:33 -05'00'

*acting for*
SHERRY WILSON
Acting Regional Counsel
Office of Regional Counsel
United States Environmental Protection Agency, Region 6
1201 Elm St.
Dallas, TX 75270

/s/ Cheryl T. Seager Digitally signed by CHERYL SEAGER Date: 2026.07.24 13:26:16 -05'00'

CHERYL T. SEAGER
Director
Enforcement and Compliance Assurance Division United States Environmental Protection Agency, Region 6
1201 Elm St.
Dallas, TX 75270

FOR DEFENDANT HESS CORPORATION:

Date 2026-Jul-07 | 5:38 PM PDT

/s/ DocuSigned by: Harpreet K. Tiwana
5093F566A32543B...

[Print Name] Harpreet K. Tiwana
[Title] Assistant Secretary
Hess Corporation
1400 Smith Street
Houston, TX 77002